SOUTH ATLANTIC STEAMSHIP LINE, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 98844. Promulgated September 20, 1940.

*T. J. O'Brien, C. P. A.*, and *William Hugh Stephens, Esq.*, for the petitioner.

*Frank L. Van Haaften, Esq.*, for the respondent.

OPINION.

Van Fossan: The first issue for our determination is whether or not new preferred stock of the Fertilizer Co. received by petitioner in accordance with a recapitalization of that company was a dividend taxable to petitioner under section 115 of the Revenue Act of 1936. Petitioner contends that the change in capital structure of the Fertilizer Co. constituted a reorganization and gain is recognizable on the exchange of the old stock for new stock, bonds, and cash only to

the extent of the cash received. Respondent argues, however, that the noncumulative preferred stock was received by petitioner in exchange for arrears in dividends on the old stock and is taxable as a corporate dividend. The second issue, which respondent urges in the alternative, is whether or not petitioner realized recognizable gain on the receipt of new preferred stock, debenture bonds, and cash other than to the extent of the cash received.

The latter issue is the more broad and, since its determination will narrow the field of inquiry, will be considered first. Petitioner contends that gain is recognized on the transaction only to the extent of the cash received. In order that petitioner may be sustained on this point it must show that there was a reorganization within the meaning of the statute and that the exchange comes within one of the specific exceptions to the recognition of gain under section 112 of the Revenue Act of 1936.

The readjustment of the Fertilizer Co.'s capital structure is clearly a recapitalization and is within the statutory definition of reorganization provided by section 112 (g) (1) (D) of the Revenue Act of 1936. There was a definite plan of reorganization for the Fertilizer Co. and the exchange of securities here under consideration was made pursuant to that plan. We are of the opinion that the exchange of cumulative preferred stock for securities and cash of the Fertilizer Co. comes squarely within the terms of section 112 (b) (3) and 112 (c) (1),[1] which provide that, where stock or securities of a corporation are exchanged pursuant to a plan of reorganization for stock or securities of that corporation plus cash or other property, gain may be recognized, but only to the extent of the cash or fair market value of the other property received.

Respondent argues that even if we should find that there was a reorganization, the receipt of stock, bonds, and cash by petitioner is not within the terms of section 112 (c) (1). He contends that although gain will not be recognized where stock or securities of the corporation in reorganization are exchanged for stock or securities of that corporation, in the present case not only stock but also a right to

---

[1] SEC. 112. RECOGNITION OF GAIN OR LOSS.

      \*        \*       \*       \*       \*       \*       \*

  (b) EXCHANGES SOLELY IN KIND.—

      \*       \*       \*       \*       \*       \*       \*

  (3) STOCK FOR STOCK ON REORGANIZATION.—

No gain or loss shall be recognized if stock or securities in a corporation a party to a reorganization are, in pursuance of the plan of reorganization, exchanged solely for stock or securities in such corporation or in another corporation a party to the reorganization.

      \*       \*       \*       \*       \*       \*       \*

  (c) GAIN FROM EXCHANGES NOT SOLELY IN KIND.—

  (1) If an exchange would be within the provisions of subsection (b) (1), (2), (3), or (5) of this section if it were not for the fact that the property received in exchange consists not only of property permitted by such paragraph to be received without the recognition of gain, but also of other property or money, then the gain, if any, to the recipient shall be recognized, but in an amount not in excess of the sum of such money and the fair market value of such other property.

receive arrears in dividends was given in exchange for new securities and cash. His position is that the right to undeclared accumulated dividends is separate and apart from the preferred shares and consequently outside the statutory exception.

In *Commissioner* v. *Food Industries, Inc.*, 101 Fed. (2d) 748, the holders of preferred shares of a corporation upon which dividends were accrued but unpaid received common stock of a new corporation in exchange for the preferred stock and also received sinking fund debentures of the new corporation for the arrearages in dividends. The Circuit Court of Appeals for the Third Circuit held that by virtue of section 112 (b) (3) of the Revenue Act of 1928[2] the receipt of common stock and sinking fund debentures was not taxable. The right to arrears and dividends was not considered apart from the stock upon which the arrearages arose. The same reorganization with respect to other shareholders was considered by the Circuit Courts of Appeals for the First, Second, Fourth, and Ninth Circuits with the same result. *Commissioner* v. *Whitaker*, 101 Fed. (2d) 640; *Helvering* v. *Schoellkopf*, 100 Fed. (2d) 415; *Helvering* v. *Leary*, 93 Fed. (2d) 826; *Commissioner* v. *Kolb*, 100 Fed. (2d) 920. Here the problem is more simple than that before the courts in the cited cases. The dividends of the Fertilizer Co. were in arrears but had not been declared. Although common stock dividends could not be paid without prior payment of arrears in preferred stock dividends, the right of the shareholders to the undeclared dividends was not in the nature of a debt. In brief, the right of the preferred shareholders to receive the dividend arrears was not one which could be divorced from the shares upon which it was based.

Respondent has raised the question of whether the 25-year debenture bonds received by petitioner in exchange for its stock were "stock or securities" or "other property." Debenture bonds are securities of the issuing corporation. *Karl B. Segall*, 38 B. T. A. 43; *Commissioner* v. *Food Industries, Inc.*, *supra*. Petitioner, therefore, comes within the terms of section 112 (c) (1).

Section 112 (c) (2) of the Revenue Act of 1936[3] is not applicable. There is no indication that receipt of new stock or securities by petitioner had the effect of a taxable dividend. The fact that the new

---

[2] This section is identical with section 112 (b) (3) of the Revenue Act of 1936.

[3] SEC. 112. RECOGNITION OF GAIN OR LOSS.

\* \* \* \* \* \* \*

(c) GAIN FROM EXCHANGES NOT SOLELY IN KIND.—

\* \* \* \* \* \*

(2) If a distribution made in pursuance of a plan of reorganization is within the provisions of paragraph (1) of this subsection but has the effect of the distribution of a taxable dividend, then there shall be taxed as a dividend to each distributee such an amount of the gain recognized under paragraph (1) as is not in excess of his ratable share of the undistributed earnings and profits of the corporation accumulated after February 28, 1913. The remainder, if any, of the gain recognized under paragraph (1) shall be taxed as a gain from the exchange of property.

preferred shares were received in exchange for the right to dividend arrears does not give the new shares the effect of a taxable dividend.

We now turn to the first issue. Respondent urges that since the new preferred stock was received in exchange for the dividend arrears on the old shares it is either a dividend taxable under section 115 (a) of the Revenue Act of 1936 [4] or a redemption of stock taxable as a dividend under section 115 (g). [4]

In either case, the taxable distribution is limited to the extent that it represents a distribution out of earnings and profits of the corporation accumulated after February 28, 1913, or out of earnings and profits of the taxable year. The effect of subsections (a) and (g) of section 115, however, is limited by subsection (h) of section 115. [5] The latter section provides that a distribution by a corporation of its stock or securities shall not be a distribution out of earnings or profits if no gain to the distributee from the receipt of the stock or securities is recognized by law. We have already determined that by virtue of section 112 (c) (1) gain to petitioner is recognized only to the extent of the cash received. It follows, therefore, that the preferred stock received by petitioner was not a dividend under section 115 (a) nor "essentially equivalent to the distribution of a taxable dividend" under section 115 (g).

[4] SEC. 115. DISTRIBUTIONS BY CORPORATIONS.

(a) DEFINITION OF DIVIDEND.—

The term "dividend" when used in this title (except in section 203 (a) (3) and section 207 (c) (1), relating to insurance companies) means any distribution made by a corporation to its share holders, whether in money or in other property, (1) out of its earnings or profits accumulated after February 28, 1913, or (2) out of the earnings or profits of the taxable year (computed as of the close of the taxable year without diminution by reason of any distributions made during the taxable year), without regard to the amount of the earnings and profits at the time the distribution was made.

\*  \*  \*  \*  \*  \*  \*

(g) REDEMPTION OF STOCK.—

If a corporation cancels or redeems its stock (whether or not such stock was issued as a stock dividend) at such time and in such manner as to make the distribution and cancellation or redemption in whole or in part essentially equivalent to the distribution of a taxable dividend, the amount so distributed in redemption or cancellation of the stock, to the extent that it represents a distribution of earnings or profits accumulated after February 28, 1913, shall be treated as a taxable dividend.

[5] SEC. 115. DISTRIBUTIONS BY CORPORATIONS.

\*  \*  \*  \*  \*  \*  \*

(h) EFFECT ON EARNINGS AND PROFITS OF DISTRIBUTIONS OF STOCK.—

The distribution (whether before January 1, 1936, or on or after such date) to a distributee by or on behalf of a corporation of its stock or securities or stock or securities in another corporation shall not be considered a distribution of earnings or profits of any corporation—

(1) if no gain to such distributee from the receipt of such stock or securities was recognized by law, or

(2) if the distribution was not subject to tax in the hands of such distributee because it did not constitute income to him within the meaning of the Sixteenth Amendment to the Constitution or because exempt to him under section 115 (f) of the Revenue Act of 1934 or a corresponding provision of a prior Revenue Act.

As used in this subsection the term "stock or securities" includes rights to acquire stock or securities.

We hold that receipt of the noncumulative preferred shares by petitioner was not a dividend nor essentially equivalent to a taxable dividend. We further hold that the Fertilizer Co. in the course of reorganization distributed stock, securities, and cash to petitioner and that gain on that distribution is recognized to petitioner only to the extent of the cash received.

*Decision will be entered under Rule 50.*